IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KATHERINE RINKEN<br><br>Plaintiff(s),<br><br>v.<br><br>WAUKEE COMMUNITY SCHOOL DISTRICT, TERRY HURLBURT, ROXANNE LIVERMORE, and MARK STALLMAN<br><br>Defendant(s). | Case No. 4:23-cv-00188<br><br>**FINAL PRETRIAL CONFERENCE ORDER** |

A final pretrial conference was held in this matter pursuant to Fed. R. Civ. P. 16 on March 5, 2025.

The following counsel, who will try the case, appeared at the conference:

1. For the plaintiff:
   Madison Fiedler-Carlson
   David Albrecht (Not present at final pretrial conference but will be present at trial)
   Fiedler Law Firm, PLC
   8831 Windsor Pkwy, Johnston, IA 50131
   (515) 254-1999
   madison@employmentlawiowa.com
   david@employmentlawiowa.com

2. For the defendant:
   Janice M. Thomas
   Sarah E. Schleisman
   LAMSON DUGAN & MURRAY, LLP
   6400 Westown Pkwy, Suite 280
   West Des Moines, IA 50266
   Phone: (515) 513-5003
   Email: jthomas@ldmlaw.com
   sschleisman@ldmlaw.com

Accordingly, **IT IS ORDERED:**

**STATEMENT OF THE CASE:**

Plaintiff alleges the Defendants discriminated against her based on her sex. Defendants deny this allegation. Plaintiff is seeking monetary damages.

Do not consider this summary as proof of any claim. Decide the facts from the evidence and apply the law with I will now give you.

**I.** The parties agree that the following facts are true and undisputed:

1. Plaintiff alleges the Defendants discriminated against her based on her sex.
2. Defendants deny this allegation.
3. Plaintiff is seeking damages.

**II. EXHIBITS**

A. The parties agree that the following exhibits shall be considered to be already in evidence at the trial without further offer, proof or objection. Specifically, the parties agree that both plaintiff's and defendant's exhibits listed under this portion (Paragraph IIA) of the final pretrial order are in evidence at the commencement of the trial and available for use by any party at any stage of the trial.

B. Parties want to introduce into evidence the following exhibits to which all foundation, identification, and authenticity objections are waived but to which an opposing party objects on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes that the exhibit is otherwise admissible.

C. Parties want to introduce into evidence the following exhibits to which an opposing party will object on the grounds noted. It is further agreed that any exhibit listed in this paragraph may be used by any other party provided that party establishes the exhibit is otherwise admissible.

1. **Plaintiff's Exhibits:**

| EXHIBIT NO. | DESCRIPTION | OBJ. (A, B, C) | OFF'D | REC'D |
|---|---|---|---|---|
| 1 | September 30, 2020, Formal Observation | A | | |
| 2 | May 20, 2021, Emails from Mark Stallman re: Masks Optional Beginning Today | A | | |
| 3 | Rinken SnapChat re: Mask Mandate | A | | |
| 4 | Rinken SnapChat re: Kim Reynolds | A | | |
| 5 | May 20, 2021 "Disappointing Use of Social | B[1], C[2] | | |

---

[1] Hearsay.
[2] Relevancy. See Defendants' First Motion in Limine ¶ 18.

| | | | | |
|---|---|---|---|---|
| | Media" Emails | | | |
| 6 | May 21, 2021, Stallman to Wiley Email | C[3] | | |
| 7 | May 24, 2021, Record of Conversation | C[4] | | |
| 8 | WCSD Employee Use of Social Media Policy | C[5] | | |
| 9 | WCSD Employee Political Activity and Employee Conduct Policies | A | | |
| 10 | May 21, 2021, Emails from Iowa Standard to WCSD re: Social Media Posts by Katherine Rinken | A | | |
| 11 | Text Messages between Rinken & Mark Stallman | A | | |
| 12 | May 23, 2021, Emails re: Questions About Tomorrow | A | | |
| 13 | May 25, 2021, Emails Between Rinken & Pat Clancy re: Questions About Tomorrow | A | | |
| 14 | May 28, 2021, Livermore Investigation Questions, Notes | A | | |
| 15 | June 2, 2021, Emails Between Rinken & Stallman re: Letter of Recommendation | A | | |
| 16 | June 2, 2021, Emails Between Clancy & WCSD re: KR Resignation Letter | A | | |
| 17 | June 2, 2021, Rinken Resignation Letter | A | | |
| 18 | June 2, 2021, Letter from WCSD Human Resources re: Exit Procedures | A | | |
| 19 | June 6, 2021, Kevin Tow Letter of Recommendation | A | | |
| 20 | June 4, 2021, Mark Stallman Letter of Recommendation | A | | |
| 21 | Sheena Grove Letter of Recommendation | A | | |
| 22 | 2019-2021 Iowa Board of Education Examiners – Convert Initial to Standard – Teacher or PSL | A | | |
| 23 | Clancy Investigation Notes | B[6] | | |
| 24 | Block Documents | B[7], C[8] | | |
| 25 | May 12, 2021, Block Emails | B[9], C[10] | | |
| 26 | Buck Twitter Activity | C[11] | | |
| 27 | 2021-2022 Rinken Teacher Contract | A | | |

---

[3] Relevancy. See Defendants' First Motion in Limine ¶ 18.
[4] Relevancy. See Defendants' First Motion in Limine ¶ 18.
[5] Relevancy. This version of the policy was not in place at the relevant time. See instead, Defendants' Proposed Exhibit S (Policy 413.18 Employee Use Social Media 2021).
[6] Hearsay.
[7] Hearsay.
[8] Relevancy. See Defendants' First Motion in Limine ¶ 14.
[9] Hearsay.
[10] Relevancy. See Defendants' First Motion in Limine ¶ 15.
[11] Relevancy. See Defendants' First Motion in Limine ¶ 19.

| 28 | Rinken Medical Records | C[12] | | |
| 29 | Mortality Table | C | | |

2. **Defendant's Exhibits:**

| EXHIBIT NO. | DESCRIPTION | OBJ. (A, B, C) | OFF'D | REC'D |
|---|---|---|---|---|
| A | Emails Regarding Mask Mandate | A | | |
| B | Katherine Rinken First SnapChat (1 of 2) | A | | |
| C | Katherine Rinken First SnapChat (2 of 2) | A | | |
| D | Katherine Rinken Second SnapChat (1 of 2) | A | | |
| E | Katherine Rinken Second SnapChat (2 of 2) | A | | |
| F | Emails | C[13] | | |
| G | Notes of Meeting | A | | |
| H | Katherine Rinken letter of resignation | A | | |
| I | E-mails between Katherine Rinken and Mark Stallman concerning resignation | A | | |
| J | June 2, 2021 letter to Katherine Rinken from Human Services regarding exit procedures | A | | |
| K | Email June 2, 2021 fwd from Pete Clancy to Livermore, Stallman, Huisman re Rinken resignation letter | A | | |
| L | June 3, 2021 Emails with Kevin Tow re Letter of Recommendation | A | | |
| M | Text messages b/w Stallman & Rinken | A | | |
| N | June 4, 2021 Mark Stallman Letter of Recommendation | A | | |
| O | June 6, 2021 Kevin Tow Letter of Recommendation | A | | |
| P | June 10, 2021 Endorsement from Kevin Tow for Rinken's Standard Teaching License | A | | |
| Q | Kat Rinken Vector Training History (Social Media Training Page) | A | | |
| R | Policy 413.7 Employee Political Activity | A | | |
| S | Policy 413.18 Employee Use Social Media 2021 | A | | |
| T | Policy 413.9 Employee Conduct | A | | |
| U | Policy 414.1 Anti-Retaliation Policy | A | | |
| V | Employee Handbook | A | | |
| W | Collective Bargaining Agreement | C | | |
| X | Rinken Personnel File from Waukee Community School District | A | | |
| Y | Evaluations Hurlburt, Livermore, Stallman Jan 2018-May 2021 | A | | |

---

[12] Defendants do not have the records. Defendants object on the basis of foundation, identification, authenticity, relevancy, and hearsay.

[13] Foundation, Authenticity, Identification, Hearsay.

| | | | | | |
|---|---|---|---|---|---|
| Z | Rinken Personnel File from Adel Desoto Minburn | C | | | |
| AA | Rinken Personnel File from Des Moines Public Schools | C | | | |
| BB | UnityPoint Health Counseling & Psychiatry | C[14] | | | |
| CC | 515 Therapy & Consulting | C[15] | | | |
| DD | Dr. Kerry Anderson counseling | C[16] | | | |
| EE | L. Miller Counseling, LLC | C[17] | | | |
| FF | UnityPoint Clinic Family Medicine Grimes | C[18] | | | |
| GG | UnityPoint Behavioral Health Urgent Care | C[19] | | | |
| HH | UnityPoint Iowa Methodist Medical Center ER | C[20] | | | |
| | Any document listed by Plaintiff. | | | | |
| | Any document needed for rebuttal or impeachment purposes. | | | | |
| | Any document needed for foundation purposes. | | | | |

## III. WITNESSES

### A. Plaintiff's Witnesses:

| Witness | Subject |
|---|---|
| Kerry Anderson | Ms. Anderson will testify concerning Plaintiff's medical conditions and emotional distress due to Defendants' illegal conduct. |
| Alivia Barrentes | Ms. Barrentes will testify concerning Plaintiff's constructive discharge and Plaintiff's emotional distress. |
| Brad Buck | Mr. Buck will testify concerning information and facts surrounding his employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, and Defendants' policies and procedures. |
| Pete Clancy | Mr. Clancy will testify concerning information and facts surrounding his employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, Defendants' policies and procedures, and Plaintiff's emotional distress damages. |
| Audrey Gries | Ms. Gries will testify concerning Plaintiff's medical conditions and emotional distress due to Defendants' illegal conduct. |

---

[14] Foundations, Identification, Authenticity, Relevance, Hearsay
[15] Foundations, Identification, Authenticity, Relevance, Hearsay
[16] Foundations, Identification, Authenticity, Relevance, Hearsay
[17] Foundations, Identification, Authenticity, Relevance, Hearsay
[18] Foundations, Identification, Authenticity, Relevance, Hearsay
[19] Foundations, Identification, Authenticity, Relevance, Hearsay
[20] Foundations, Identification, Authenticity, Relevance, Hearsay

| | |
|---|---|
| Sheena Grove | Ms. Grove will testify concerning information and facts surrounding her employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, Defendants' policies and procedures, and Plaintiff's emotional distress damages. |
| JoAnna Huisman | Ms. Huisman will testify concerning information and facts surrounding her employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, Defendants' policies and procedures, and Plaintiff's emotional distress damages. |
| Terry Hurlburt | Mr. Hurlburt will testify concerning information and facts surrounding his employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, and Defendants' policies and procedures. |
| Shehzad Kamran | Dr. Kamran will testify concerning Plaintiff's medical conditions and emotional distress due to Defendants' illegal conduct. |
| Amber Krumbholtz | Ms. Krumbholtz will testify concerning Plaintiff's constructive discharge and Plaintiff's emotional distress. |
| Roxanne Livermore | Ms. Livermore will testify concerning information and facts surrounding her employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, and Defendants' policies and procedures. |
| Linda Miller | Ms. Miller will testify concerning Plaintiff's medical conditions and emotional distress due to Defendants' illegal conduct. |
| Makaela Pratt | Ms. Pratt will testify concerning Plaintiff's medical conditions and emotional distress due to Defendants' illegal conduct. |
| Jen Rinken | Ms. Rinken will testify concerning Plaintiff's employment and Plaintiff's emotional distress damages. |
| Kat Rinken | Ms. Rinken will testify concerning information and facts underlying the claims asserted in the Petition, as well as information and facts regarding the damages she has suffered as a result of Defendants' unlawful conduct. |
| Bridget Shoemaker | Ms. Shoemaker will testify concerning Plaintiff's emotional distress damages. |
| Mark Stallman | Mr. Stallman will testify concerning information and facts surrounding his employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, and Defendants' policies and procedures. |
| Kevin Tow | Mr. Tow will testify concerning information and facts surrounding his employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, and Defendants' policies and procedures. |
| Liz Wagner | Ms. Wagner will testify concerning information and facts surrounding her employment with Defendants, Defendants' investigation and actions towards Plaintiff, Plaintiff's employment and resignation, Defendants' policies and procedures, and Plaintiff's emotional distress damages. |

B. Defendant's Witnesses:

| Witness | Subject |
| --- | --- |
| Katherine Rinken | Ms. Rinken is the Plaintiff in this matter. She will have information concerning her allegations set forth in the petition. |
| Terry Hurlburt | Mr. Hurlburt is the associate superintendent. Mr. Hurlburt would have information concerning the allegations set forth in the petition including but not limited to the investigation, policies, and procedures, as well as the employment of Katherine Rinken. He will testify in accordance with his deposition testimony. |
| Roxanne Livermore | Ms. Livermore is the executive director of human resources. Ms. Livermore would have information concerning the allegations set forth in the petition including but not limited to the investigation, policies, and procedures, as well as the employment of Katherine Rinken. She will testify in accordance with her deposition testimony. |
| Mark Stallman | Mr. Stallman is the principal at Prairieview School. Mr. Stallman would have information concerning the allegations set forth in the petition, including but not limited to the investigation, policies, and procedures, as well as the employment of Katherine Rinken. He will testify in accordance with his deposition testimony. |
| Kevin Tow | Mr. Tow was the assistant principal at Prairieview School. Mr. Tow would have information concerning the allegations set forth in the petition as well as the employment of Katherine Rinken. He will testify in accordance with his deposition testimony. |
| Dr. Brad Buck | Dr. Buck is the Superintendent for Waukee Community School District. Dr. Buck would have knowledge concerning this matter. He will testify in accordance with his deposition testimony. |
| JoAnna Huisman | Ms. Huisman is the union representative for Waukee Community School District. Ms. Huisman would have knowledge concerning the meeting that was held with Katherine Rinken, Terry Hurlburt, Roxanne Livermore, and Mark Stallman. She will testify in accordance with her deposition testimony. |
| Peter Clancy | Mr. Clancy is a union representative. Mr. Clancy would have knowledge concerning the meeting that was held with Katherine Rinken, Terry Hurlburt, Roxanne Livermore, Mark Stallman, JoAnn Huisman, and himself. He will testify in accordance with his deposition testimony. |
| Sheena Grove | Ms. Grove has knowledge concerning this matter. She will testify in accordance with her deposition testimony. She may testify on her knowledge of plaintiff's employment and Waukee Community School District's policies and procedures. |
| Defendants reserve the right to utilize any witness needed for impeachment or rebuttal purposes. | |
| Defendants reserve the right to utilize any witness needed | |

| | |
|---|---|
| for foundational purposes. | |
| Defendants reserve the right to utilize any witnesses designated by the Plaintiff. | |
| Defendants reserve to supplement this list. | |

    C.    A party listing a witness guarantees his/her presence at trial unless the Court and opposing counsel are notified to the contrary at least seven (7) days prior to trial. All parties are free to call any witness listed by the opposing party whether they have listed them or not.

    D.    A witness testifying by deposition must be listed with a designation that the testimony will be by deposition.

## IV.    <u>FACTUAL ISSUES</u>

    A.    **Plaintiff's Factual Issues:**

        1.    Whether Defendants' actions have caused Plaintiff to incur pain, suffering, humiliation, embarrassment, and other emotional distress, and if so, what amount will fairly compensate Plaintiff for the emotional distress she has sustained.

        2.    Whether Defendants' actions will continue to cause Plaintiff to incur pain, suffering, humiliation, embarrassment, and other emotional distress in the future, and if so, what amount will fairly compensate Plaintiff for her future emotional distress.

        3.    Whether Plaintiff reasonably believed Defendants were going to fire her;

        4.    Whether Defendants took adverse action(s) against Plaintiff;

        5.    Whether Defendants took adverse action against Plaintiff;

        6.    Whether Plaintiff's sex was a determining factor in the adverse action;

        7.    Whether the individual Defendants' actions were malicious or were taken with reckless indifference to Plaintiff's rights under the Fourteenth Amendment, and, if so, what amount of punitive damages will adequately punish Defendants' wrongful conduct and deter them and others from similar conduct in the future.

        8.    Whether Defendants treated similarly-situated male employees more favorably than Plaintiff under similar circumstances;

8

9. Whether Defendants' conduct in the May 28 meeting warrants punitive damages;

10. The amount of attorney fees and expenses for which Plaintiff is entitled to be reimbursed.

B. **Defendant's Factual Issues:**

1. It is Defendants position that Plaintiff resigned;

2. Whether Defendants discriminated against Plaintiff based on her sex;

3. Whether Defendants took adverse action against Plaintiff;

4. Whether Plaintiff voluntarily resigned;

5. Whether Defendants' actions were a cause of any damage to Plaintiff;

6. Whether Defendants' conduct in the May 28th meeting warrants punitive damages;

7. Whether Plaintiff is entitled to attorney fees.

V. **LEGAL CONTENTIONS**

A. **Plaintiff's Legal Contentions:**

1. Plaintiff meets the elements of her Sex Discrimination claim. She must and can prove the following:
    (1) Defendants took adverse action against Plaintiff; and
    (2) Plaintiff's sex was a determining factor in Defendant's adverse action(s).

2. Defendants would not have acted the same toward Plaintiff regardless of her sex.
    a. Defendants' actions towards relevant comparators exemplify this as stated in Plaintiff's Trial Brief.

3. Defendants' actions towards Plaintiff were motivated by evil motive or intent or reckless indifference to Plaintiff's rights.
    a. A reasonable jury could find that Defendants' conduct in the May 28 meeting, both in form and substance, warrants punitive damages.
    b. A jury may assess punitive damages under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Standley v. Chilhowee R-IV Sch. Dist.*, 5 F.3d 319, 323 (8th Cir. 1993) (citing *Smith v. Wade*, 461 U.S. 30, 56, 75 L. Ed. 2d 632, 103 S. Ct. 1625 (1983)).

4. Punitive damages may be and should be assessed against the individual Defendants.

a. Because there is evidence from which a reasonable jury can find that Defendants were acting in bad faith or harboring ill will towards Plaintiff, a punitive damages award would be appropriate.

B. **Defendant's Legal Contentions:**

1. Plaintiff's emotional distress was not caused by Defendants' actions.

2. Plaintiff fails to meet the elements of her Sex Discrimination claim. The elements the Plaintiff cannot meet are provided below:

    (1) The Defendants took adverse action against Plaintiff; and

    (2) Plaintiff's sex was a determining factor in the defendant's decision.

3. Defendants would have acted the same toward the plaintiff regardless of her sex. The applicable test is provided below.

    (1) Has it been proved that the defendant would have treated the plaintiff the same regardless of her sex?

4. Plaintiff cannot establish a discrimination claim under the Equal Protection Clause.

5. Plaintiff did not suffer an adverse employment action. Plaintiff's legal theories of adverse action are legally insufficient.

8. Plaintiff did not provide Defendants an opportunity to address her concerns.

9. Plaintiff cannot recover punitive damages.

    (1) For the individual defendants, as municipal employees, they can only be liable for punitive damages if "actual malice or willful, wanton and reckless misconduct is proven." Iowa Code § 670.12. Here, Plaintiff cannot demonstrate an evil motive or recklessness by the individual defendants.

10. Defendants are immune because they were conducting their statutorily authorized investigation with due care.

    (1) In this case, the Defendants were investigating several serious allegations made against the Plaintiff. The Defendants, as required by statute, interviewed Plaintiff and informed her the investigation would continue through interviewing students and staff. Absent evidence that the Defendants were negligently conducting the investigation, the Defendants are entitled to immunity under section 670.4(1)(c).

## VI. LEGAL ISSUES

### A. Plaintiff's Legal Issues:

1. Plaintiff meets the elements of her Sex Discrimination claim.

2. Defendants would not have acted the same toward Plaintiff regardless of her sex.

3. Defendants' actions towards Plaintiff were motivated by evil motive or intent or reckless indifference to Plaintiff's rights.

4. Punitive damages may be and should be assessed against the individual Defendants.

### B. Defendant's Legal Issues:

1. Plaintiff fails to meet the elements of her Sex Discrimination claim.

2. Defendants would have acted the same toward the plaintiff regardless of her sex.

3. Plaintiff is not entitled to punitive damages.

**IT IS SO ORDERED.**

**Dated: March 10, 2025.**

_____
Honorable William P. Kelly
U.S. Magistrate Judge